10-1478-ag
Attobra v. Holder

BIA
Bukszpan, IJ
A096 265 719

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of October, two thousand eleven.

PRESENT:
>           JON O. NEWMAN,
>           JOSÉ A. CABRANES,
>           RAYMOND J. LOHIER, JR.,
>                *Circuit Judges.*

_____

JOSEPH ASSOUMOU ATTOBRA,
>           *Petitioner,*

>           v.                                10-1478-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*

_____

FOR PETITIONER:         Thomas V. Massucci, New York, NY.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Ada E. Bosque, Senior
                        Litigation Counsel; Lindsay Corliss,
                        Law Clerk, Office of Immigration
                        Litigation, Civil Division, United
                        States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Joseph Assoumou Attobra, a native and citizen of Côte d'Ivoire, seeks review of a March 25, 2010, decision of the BIA affirming the May 19, 2008, decision of Immigration Judge ("IJ") Joanna M. Bukszpan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Joseph Assoumou Attobra*, No. A096 265 719 (B.I.A. March 25, 2010), *aff'g* No. A096 265 719 (Immig. Ct. N.Y. City May 19, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Attobra does not challenge the agency's pretermission of his asylum claim or denial of CAT relief, we address only the agency's denial of withholding of removal.

The agency did not err in determining that Attobra failed to meet his burden of proof. Although Attobra testified to one incident in which military forces came to his house looking for him in 2001 and that he feared that he would be harmed if returned to Côte d'Ivoire because of his former involvement with the Union for Democracy and Peace ("UDPCI"), he conceded that he was not a leader in the party, he was no longer involved in politics or affiliated with the UDPCI, he had not heard any information about military forces looking for him since 2005, and his wife had never informed him of military forces looking for him. In addition, the IJ reasonably gave limited weight to the 2003 letter from Attobra's cousin, which was the only evidence Attobra presented that military forces looked for him after he left Côte d'Ivoire, as it contained only information the cousin received from Attobra's wife, and was called into question by Attobra's testimony that his wife never informed him that military forces were looking for him. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency). Moreover, Attobra did not provide any evidence that military forces continued to look

3

for him or have any interest in harming him after 2005, or that former UDPCI members continued to face harm.

Thus, given that Attobra did not provide any objective evidence that authorities in Côte d'Ivoire continued to look for him or have any interest in him, the agency reasonably concluded that Attobra failed to establish the requisite objective likelihood of future harm. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (finding that a fear of future persecution is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best"); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008) (holding that to show an objectively reasonable fear of future persecution, an applicant must establish that he would be singled out for persecution or that there was a pattern or practice of persecution of similarly-situated individuals).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

4

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk